HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE LOSEE STEVENSON, et al.,

          Plaintiffs,

     v.

SUSTAINABLE APPAREL GROUP, LLC,

          Defendant.

CASE NO. C12-1007RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant's motion for partial summary judgment.  No party has requested oral argument, and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motion (Dkt. # 16) in part and DENIES it in part.  The court also grants Plaintiff's request, which she made in a surreply, that the court not consider an argument Defendant raised for the first time in its reply brief.

## II.  BACKGROUND

Plaintiff Julie Losee Stevenson was an independent salesperson for the "Threads for Thought" clothing label.  She began that work in April or May of 2008 and continued until February 2012.  She contends she did not receive all the commissions she was promised for her work.

ORDER – 1

No one agrees on the entity for whom Ms. Stevenson acted as an independent salesperson for the Threads for Thought label.  Ms. Stevenson contends that, at all relevant times, she sold only as an independent contractor for Defendant Sustainable Apparel Group, LLC ("Sustainable").  Sustainable, for its part, contends that it did not start doing business until October 2009, when it acquired certain assets and liabilities from Midwest Apparel Group, Inc. ("Midwest").  It contends that Ms. Stevenson was working as an independent contractor for Midwest prior to October 2009.  Midwest is not a party to this action.

Before January 2009, Ms. Stevenson asserts that Sustainable orally agreed to pay her a 10% commission on sales to Nordstrom, and a 6% commission on sales to Nordstrom Rack.  On January 26, 2009, Eric Fleet sent her an email memorializing certain agreements to pay commissions to Ms. Stevenson.  Stevenson Decl., Ex. A.  It is not clear in what capacity Mr. Fleet was operating at the time.  Mr. Fleet is a part owner of Sustainable.  If he was acting in a capacity other than as a representative of Sustainable when he sent the January 26 email, there is no evidence before the court to support that conclusion.  The January 26 email promises a 5% commission for "Mens Rack &Womens Rack orders back in November" and a 6% commission for "Rack" sales going forward.  Stevenson Decl., Ex. A (spelling and spacing in original).

Ms. Stevenson contends that Sustainable underpaid her commissions throughout their relationship.  She has sued for breach of contract, seeking to recover those commissions.

In its partial summary judgment motion, Sustainable asks the court for two rulings: that Sustainable is not liable for any commissions prior to its October 2009 acquisition of Midwest, and that Washington's three-year statute of limitations for actions on oral contracts means that Ms. Stevenson cannot recover allegedly unpaid commissions

ORDER – 2

prior to May 12, 2009, three years before she filed this suit.  The court now turns to that motion.

### III.  ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party must initially show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The opposing party must then show a genuine issue of fact for trial.  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party must present probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  The court defers to neither party in resolving purely legal questions.  *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

The court cannot rule, as a matter of law, that Sustainable began to exist only upon its acquisition of certain Midwest assets and liabilities in October 2009.  As the court has noted, Ms. Stevenson contends that she dealt with Sustainable as early as April or May 2008.  Sustainable's certificate of incorporation states a July 22, 2008 incorporation date.  The January 2009 email from Mr. Fleet (a Sustainable owner) to Ms. Stevenson suggests that Sustainable did business with Ms. Stevenson beginning no later than November 2008.  The bare declaration of another Sustainable owner that Sustainable did not do any business until October 2009 is insufficient, on a motion for summary judgment, to overcome this evidence.  *See* Wiesner Decl. (Dkt. # 17) ¶ 3.  The court notes, moreover, that the evidence suggests that Sustainable and Midwest were closely related companies.

ORDER – 3

The evidence permits the conclusion that Sustainable existed prior to its acquisition of Midwest's assets and liabilities in October 2009.

The court's resolution today makes it unnecessary to decide if Sustainable's express acquisition of Midwest's accounts receivable would include unpaid commissions that Midwest owed Ms. Stevenson.

As to the statute of limitations, the parties agree that Washington law applies. They also agree that Washington law provides a three-year statute of limitations for actions on contracts that are "not in writing" and that "do[] not arise out of any written instrument." RCW § 4.16.080(3). A six-year statute of limitations applies to actions on written contracts or liabilities "arising out of a written agreement . . . ." RCW § 4.16.040(1).

On the evidence before the court, a jury could conclude that Mr. Fleet's January 26, 2009 email is a written contract both to pay commissions arising in November 2008 for sales to Nordstrom Rack, and a contract to pay commissions on all future Nordstrom Rack and Ross sales. There is no evidence of a written contract prior to May 12, 2009 for sales to Nordstrom. Indeed, the only written evidence of an agreement as to Nordstrom commissions is a January 2010 email from Mr. Fleet to Ms. Stevenson. Stevenson Decl, Ex. B.

Given this evidence, the court makes the following rulings regarding the effect of the statute of limitations on Ms. Stevenson's claims at trial.

1) Ms. Stevenson has presented no evidence of a written contract governing her commissions on Nordstrom sales prior to May 12, 2009, and she may not argue otherwise at trial. As to any oral agreement between Sustainable and Ms. Stevenson regarding commissions on Nordstrom sales, Ms. Stevenson may recover damages for any breach occurring on or after May 12, 2009.

ORDER – 4

2) Ms. Stevenson has presented adequate evidence to allow a jury to decide whether Sustainable agreed in writing to pay her commission on Nordstrom Rack sales commencing in November 2008.  She has presented no evidence of any earlier written contract as to Nordstrom Rack sales, and she may not argue otherwise at trial.  As to any oral agreement between Sustainable and Ms. Stevenson regarding commissions on Nordstrom Rack sales, Ms. Stevenson may recover damages for any breach occurring on or after May 12, 2009.

3) Ms. Stevenson has presented adequate evidence to allow a jury to decide whether Sustainable agreed in writing to pay her commission on Ross sales commencing in January 2009.  She has presented no evidence of any earlier written contract as to Ross sales, and she may not argue otherwise at trial.  As to any oral agreement between Sustainable and Ms. Stevenson regarding commissions on Ross sales, Ms. Stevenson may recover damages for any breach occurring on or after May 12, 2009.

Finally, the court grants Ms. Stevenson's request that the court not consider an argument that Sustainable raised for the first time in its reply brief regarding an expert witness's opinions on Ms. Stevenson's damages.

## IV.  CONCLUSION

As stated above, the court GRANTS in part and DENIES in part Sustainable's partial summary judgment motion.  Dkt. # 16.

Dated this 10th day of July, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5